UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JOHN RORY MANNING and** | ) | **Case No. 10-23188 HRT** |
| **JULIE ALESS MANNING,** | ) | **Chapter 7** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |
| | ) | |
| **JOHN RORY MANNING,** | ) | **Adversary No. 12-1213 HRT** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES HERB and** | ) | |
| **MARGUERITE HERB,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER ON MOTION FOR PRELIMINARY INJUNCTION

This case comes before the Court on Plaintiff's *Motion for Preliminary Injunction Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure* (docket #3) (the "Motion").

The Court held a non-evidentiary hearing in this matter on May 15, 2012, and has reviewed the pleadings filed in this matter as well as the arguments of counsel at hearing. The Court finds that it can rule on Plaintiff's Motion as a matter of law and without the necessity for further proceedings or evidence. Those facts necessary for decision are not disputed by the parties.

### I.  FACTS

The Defendants filed their *Verified Amended Complaint* (the "Complaint") in the District Court for Jefferson County, Colorado, (the "State Court") against the Plaintiff and Julie Manning, a/k/a Julie Young, in Case No. 2011CV3839 (the "State Court Action") based on a transaction entered into by the parties on or about February 2, 2005. The transaction documents include a Residential Real Estate Contract and a Lease Agreement with Option to Purchase. The real property that is the subject of the parties' dispute is 10515 W. Noddle Mtn., Littleton, Colorado (the "Property").

The Plaintiff, along with his wife at the time (hereinafter, the "Mannings"), filed their bankruptcy petition under chapter 7 on May 27, 2010. It is undisputed that the Mannings failed

ORDER ON MOTION FOR PRELIMINARY INJUNCTION
Adversary No. 12-1213 HRT

to list their executory agreements with the Defendants on Schedule G and that the Defendants never appeared on the mailing matrix for notices of proceedings in the Mannings' bankruptcy case.

The Complaint in the State Court Action alleges numerous causes of action but all are premised on breach of agreement with the Herbs by the Mannings and on alleged damage to the Property.

Included within the Complaint is a request for the State Court to enter a declaratory judgment. Defendants acknowledge that a controversy exists with respect to the extent to which their claims against the Mannings were discharged in the Mannings' bankruptcy case and they seek a declaratory judgment from the State Court on that issue.

## II. DISCUSSION

Plaintiff seeks to enjoin the Defendants from pursuing their State Court Action. The basis of the Plaintiff's request is 11 U.S.C. § 524's injunction against commencing or continuing any action to collect a debt that has been discharged in bankruptcy. But, the Mannings' failure to schedule their obligations to the Defendants raises an issue of whether or to what extent their obligations to the Defendants were discharged under 11 U.S.C. § 523(a)(3). Because the State Court shares concurrent jurisdiction with the federal courts to determine dischargeability of a debt under either § 523(a)(3)(A) or (B), the Defendants have not violated § 524 by invoking the proper jurisdiction of the State Court. Because the Court cannot find it likely that Plaintiff will prevail in his underlying complaint for injunctive relief, the Court will deny the Motion.

The chapter 7 trustee in the Mannings' bankruptcy case recovered no assets for distribution to creditors, therefore, the lack of notice to a creditor whose debt is "*not* of a kind specified in paragraph (2), (4), or (6)" of § 523(a) is not a bar to discharge. 11 U.S.C. § 523(a)(3)(A) (emphasis added). *See, e.g., In re Nielsen*, 383 F.3d 922, 925-27 (9th Cir. 2004). However, the State Court Complaint makes allegations of debts that *are* of a kind specified in § 523(a)(2), (4) or (6) and it also makes allegations that the Mannings owe debts to the Defendants that arose post-petition. It alleges that rent for the Property was not paid post-petition and that the Defendants incurred expenses post-petition in their eviction of Mrs. Manning and clean-up of the property. Such post-petition obligations, if proved, are not subject to the Mannings' discharge. In addition, the State Court Complaint makes allegations of willful and malicious injury. That is a debt that, if proved, is nondischargeable under § 523(a)(3)(B) because the Defendants were not listed in the Mannings' schedules and the debt is "of a kind" that is nondischargeable under § 523(a)(6).

Initially, the Plaintiff argues that all obligations under his pre-petition agreements with the Defendants have been discharged and that any action based on those agreements violates

ORDER ON MOTION FOR PRELIMINARY INJUNCTION
Adversary No. 12-1213 HRT

§ 524. Plaintiff cites the case of *In re Maupin*, 165 B.R. 864 (Bankr. M.D. Tenn. 1994) for support.

Whether the Defendants' action against the Plaintiff is on the agreements themselves or on another basis is largely academic. One or both of the Mannings continued in possession of the Property post-petition. Even if, as Plaintiff argues, all of his obligations under the pre-petition agreements with the Defendants terminated by operation of the bankruptcy case, that does not leave the Defendants without a remedy based on the post-petition occupation of the Property. At minimum, if the State Court accepts that all obligations to the Defendants under the pre-petition agreements have been discharged, Colorado law with respect to holdover tenants impresses an obligation to pay for the holdover tenancy. *See, e.g., First Interstate Bank v. Tanktech, Inc.*, 864 P.2d 116, 120 (Colo. 1993). Thus, the Court is satisfied that the State Court Complaint makes a colorable claim for post-petition damages that is unaffected by the Mannings discharge.

Moreover, even if Defendants' State Court Complaint made no claim to post-petition damages, it does make claims of nondischargeability that are cognizable under § 523(a)(3)(B). The State Court enjoys jurisdiction, concurrent with the federal courts, to determine if any of those obligations are nondischargeable under 11 U.S.C. § 523(a)(3)(B). *In re Jenkins*, 330 B.R. 625, 630-31 (Bankr. E.D. Tenn. 2005) (holding that an unlisted creditor need not seek relief from the § 524 discharge injunction to pursue a pre-petition claim for willful and malicious injury in state court); *In re Strano*, 248 B.R. 493, 495-96 (Bankr. D. N.J. 2000) ("bankruptcy courts share jurisdiction with other courts to determine whether a 'debt is of a kind specified in paragraph (2), (4), or (6) of this subsection [523(a)].'") (citing 11 U.S.C. § 523(a)(3)(B)); *In re McGregor*, 233 B.R. 406, 408 (Bankr. S.D. Ohio 1999) ("Bankruptcy courts and state courts share concurrent jurisdiction to determine the dischargeability of debts based on a debtor's failure to schedule a debt under 11 U.S.C. § 523(a)(3)(B).").

In the case of *In re Massa*, 217 B.R. 412 (Bankr. W.D. N.Y. 1998) *aff'd* 1998 WL 34256560 (W.D. N.Y. 1998) *aff'd* 187 F.3d 292 (2d Cir. 1999) the bankruptcy court explained:

> [I]f a debt . . . alleged to have been incurred by fraud (a "Fraud Debt") is properly scheduled, it can be determined to be nondischargeable pursuant to Section 523(a)(2) only by the bankruptcy court. However, once a debtor fails to schedule a creditor, and that creditor holds a debt "of a kind specified in" Section 523(a)(2), (4), (6) or (15),[1] it becomes possible for that debt to be determined to be nondischargeable, not only pursuant to the above subsections, but pursuant to Section 523(a)(3)(B). Furthermore, when such a Fraud Debt is not scheduled, not

---

[1] The inclusion of a debt under 11 U.S.C. § 523(a)(15) in the court's discussion is based on a prior version of § 523(a)(3)(B).

> only can a determination of nondischargeability flowing from Section 523(a)(3)(B) be made by the bankruptcy court, it can also be made by an appropriate state court which has concurrent jurisdiction to make such a Section 523(a)(3)(B) determination.

*Id.* at 419.

An earlier case out of this district held to the contrary. The case of *In re Padilla*, 84 B.R. 194 (Bankr. D. Colo. 1987), held that the bankruptcy court's exclusive jurisdiction to hear claims of nondischargeability under 11 U.S.C. § 523(a)(2), (4) or (6), pursuant to § 523(c) also extended to claims of nondischargeability for certain types of unscheduled debts under § 523(a)(3)(B). But the Court must disagree with *Padilla*.

Title 28 U.S.C. § 1334 dictates federal jurisdiction over bankruptcy matters. It sets out the general rule of concurrent jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 523(c) creates an exception to that general rule of concurrent jurisdiction by requiring a bankruptcy court determination of dischargeability under § 523(a)(2), (4) or (6). 11 U.S.C. § 523(c)(1). But, at the same time, § 523(c)(1) excludes those determinations based on debts of a kind specified in § 523(a)(2), (4) or (6) when that determination is being made under § 523(a)(3)(B). 11 U.S.C. § 523(c)(1). *In re Franklin*, 179 B.R. 913, 920-21 (Bankr. E.D. Cal. 1995). As a consequence, any determination of dischargeability of a debt under § 523(a)(3)(B) may be made in a state court even if it involves fraud, breach of fiduciary duty or willful and malicious injury that would have been under the exclusive jurisdiction of the bankruptcy court if the creditor had been properly scheduled under § 521(a)(1).

Finally, without further elaboration, Plaintiff's *Complaint for Violations of 11 U.S.C. 524 and Request for Sanctions and Injunctive Relief* (docket #1, ¶3) states that "Defendants, JAMES HERB and MARGUERITE HERB, were not scheduled as creditors but have actual notice of the Debtor's bankruptcy filing and discharge." If the claim is that the Defendants had actual notice of the bankruptcy filing in time to bring a timely complaint objecting to dischargeability of their debt in the main bankruptcy proceeding, that is not a line of argument that the Plaintiff pursued at the hearing on this matter. Nor is it an issue that the bankruptcy court need address. It is an issue that is evidentiary in nature and is part and parcel of the § 523(a)(3)(B) determination that falls within concurrent jurisdiction of the State Court.

> To obtain a preliminary injunction, [a movant] must show that four factors weigh in his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."

ORDER ON MOTION FOR PRELIMINARY INJUNCTION
Adversary No. 12-1213 HRT

*Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)).

      For the above stated reasons, the Court finds that the Plaintiff is unlikely to prevail in his underlying adversary complaint for injunctive relief. Nor does the Court find irreparable harm to the Plaintiff. There are live issues to be adjudicated. The essence of Plaintiff's complaint is that they are being adjudicated in a forum not of his preference. That hardly constitutes irreparable harm. The third element balances the harm suffered by the Defendants under an injunction against the harm suffered by the Plaintiff if the Court declines to grant an injunction. The Defendant would suffer the greater harm because the Court cannot find any legally cognizable harm to the Plaintiff in the Court's denial of the preliminary injunction. Finally, an injunction would be adverse to public interest. The net result of an injunction would be to delay adjudication of the issues between the parties. The public interest lies in just and expeditious adjudications of disputes. A preliminary injunction in this case would adversely affect that interest.

      Therefore, it is

      **ORDERED** that Plaintiff's *Motion for Preliminary Injunction Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure* (docket #3) is DENIED. It is further

      **ORDERED** that the Court's *Order Holding Matter in Abeyance* (docket #10) is VACATED. Defendants shall have fourteen (14) days from the date of this Order to file the appropriate responsive pleading to Plaintiff's Complaint.

      Dated this __19th__ day of June, 2012.

                                        **BY THE COURT:**

                                        Howard R. Tallman, Chief Judge
                                        United States Bankruptcy Court